(109 App. Div. 404)

### FASINI v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department.   November 15, 1905.)

MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE.

In cutting steel rails, one of the employés held the sharp edge of a cold-chisel against the rail, another struck the head with a hammer, and as the work progressed the rail was turned over so that the cut continued entirely around it.   An employé while steadying a rail cut was injured by a sliver of steel flying off the hammer, chisel, or rail.   The method adopted had long been in use without the infliction of injury by flying pieces of steel.   *Held,* that the accident was one that could not have been anticipated, and the employer was not liable for the injuries sustained.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 163.]

Williams and Hiscock, JJ., dissenting.

Appeal from Trial Term, Oneida County.

Action by Lorenzo Fasini against the New York Central & Hudson River Railroad Company.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Charles F. Titus, for appellant.

D. F. Searle, for respondent.

SPRING, J.   In October, 1902, the plaintiff was one of a gang of section men employed by the defendant.   The men were engaged in cutting a steel rail.   The method adopted was for one of the men to hold the sharp edge of a cold-chisel against the rail while another struck the head with a heavy hammer, and, as the work progressed, the rail was turned over so that the cut continued entirely around the rail. When the work was completed, the rail would be lifted up and dropped to the ground, whereupon it would break at the cut by its own weight. The foreman was holding the cold-chisel at the time of the accident and the plaintiff was several feet away steadying the rail, when a sliver of steel flew off the head of the hammer or chisel or from the rail and hit the plaintiff in the eye, resulting in its loss.   The method adopted had long been in general use upon railroads, and was deemed the most effective way to cut the rail.   There is no proof that any accident had ever occurred before by the flying off of slivers from the implements used in carrying on the work.   The head of the chisel would sometimes become battered and its edges frayed, and one witness testified that he had known of pieces of steel being thrown several feet, but nothing more than this.   In view of the extensive use of this means of cutting the rails on many lines of railroad, apparently without the infliction of injury by flying pieces of steel, we think it was not such an accident as might have been reasonably apprehended by the defendant.   If an accident occurs to an employé from the ordinary use of a simple instrument or contrivance, and one which the master even by the exercise of reasonable caution could not have anticipated, he is not liable for the injuries sustained.   We think the accident falls within this category.

The judgment should be reversed, and a new trial granted, on questions of law only; the facts having been examined and no error found therein. So ordered, all concurring, except WILLIAMS and HISCOCK, JJ., who dissent.